UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| HANNAH DAGENAIS, | : |
| Plaintiff | : CASE NO. <u>23-cv-241</u> |
| v. | : |
| WAL-MART STORES EAST, LP | : |
| Defendant. | : FEBRUARY 23, 2023 |

## NOTICE OF REMOVAL

TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

1.   Defendant Wal-Mart Stores East, LP ("defendant" or "Wal-Mart") hereby notices the removal of this action to the United States District Court for the District of Connecticut pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, based on diversity jurisdiction. The bases for this removal are as follows:

2.   On or about January 26, 2023, plaintiff Hannah Dagenais ("plaintiff") filed a civil action against defendant in the Superior Court of Connecticut, Judicial District of New London, Docket No. KNL-CV23-6060074. A copy of the Summons and Complaint is attached hereto as Exhibit A, pursuant to 28 U.S.C. § 1446(d). This is the only process, pleadings and orders known by defendant to have been served in this action.

3.   Defendant first received notice of the state court action on or about January 25, 2023, when process was served.

4. Accordingly, pursuant to 28 U.S.C. § 1446(b), this Notice of Removal has been timely filed within thirty (30) days after defendant initially received notice of the lawsuit filed in state court.

5. The state court action was filed in the Superior Court of Connecticut, Judicial District of New London. Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

6. In her Complaint, plaintiff purports to allege claims for harassment and retaliation in violation of the Connecticut Fair Employment Practices Act ("CFEPA"), Conn. Gen. Stat. §§ 46a-60, *et seq.*, and constructive discharge in violation of Conn. Gen. Stat. § 31-49.

7. This action is properly removable because the United States District Court has original diversity-based jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) in that the matter in controversy exceeds the sum of $75,000.00, exclusive of interests or costs, and is between citizens of different states.

8. Plaintiff alleges that she resides in Lisbon, Connecticut. (Exhibit A, ¶ 1). Upon information and belief, plaintiff is domiciled in Connecticut and is therefore a citizen of Connecticut for diversity purposes. 15 Moore's Federal Practice, § 102.30, at p. 102-127 (Matthew Bender 3d Ed. 2015).

9. Wal-Mart Stores East, LP is a limited partnership. For purposes of diversity jurisdiction, the citizenship of a limited partnership is based on the citizenship of the individual partners. Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 586 n.1, 124 S. Ct. 1920, 158 L. Ed. 2d 866 (2004); Carden v. Arkoma Associates, 494 U.S. 185, 195-96, 110 S. Ct. 1015, 108 L. Ed. 2d 157 (1990). Wal-Mart Stores East, LP has two partners: WSE Management, LLC

and WSE Investment, LLC. The citizenship of a limited liability company, or LLC, is determined by reference to the citizenship of each of its members. Handelsman v. Bedford Village Assoc. Ltd. Partenrship, 213 F.3d 48, 51-52 (2d Cir. 2000); Gross v. Kohl's Department Stores, Inc., No. 3:14cv298, 2014 WL 1831027, at *3 (D. Conn. May 8, 2014). Wal-Mart Stores East, LLC is the only member of WSE Management, LLC and WSE Investment, LLC, and Walmart Inc., a Delaware corporation with a principal place of business in Arkansas, and hence a citizen of Delaware and Arkansas for diversity purposes, 28 U.S.C. § 1332(c)(1), is the only member of Wal-Mart Stores East, LLC. Defendant is therefore a citizen of Delaware and Arkansas. Consequently, there exists complete diversity of citizenship between plaintiff, a citizen of Connecticut, and defendant, a citizen of Delaware and Arkansas.

10. Plaintiff's Complaint does not specify the precise amount of monetary damages sought, as such is not required by the Connecticut Practice Book. However, should plaintiff prevail on one or more of the claims alleged in the Complaint, she would be eligible to recover monetary damages exceeding $75,000.00, exclusive of interests and costs. See 28 U.S.C. §§ 1332(a)(1), 1446(c)(2)(A)(ii).

11. By way of this action, plaintiff seeks to recover monetary damages under the CFEPA. A prevailing plaintiff in a CFEPA action is eligible for "such legal and equitable relief which [the court] deems appropriate including, but not limited to, temporary or permanent injunctive relief, punitive damages, attorney's fees and court costs." Conn. Gen. Stat. § 46a-104. Notably, "[t]he amount of attorney's fees allowed shall not be contingent upon the amount of damages requested by or awarded to the complainant." Id. See also 15 Moore's Federal Practice, § 102.106[6][a], at p. 102-281 (Matthew Bender 3d ed. 2015) (observing that attorneys' fees are

properly included in calculation of amount in controversy where a fee award is authorized by statute).  A fee award alone is likely to exceed, or nearly exceed, the $75,000.00 threshold, as would an award of compensatory damages for lost wages coupled with even garden-variety emotional distress.  MacCluskey v. University of Connecticut Health Center, No. 3:13cv1408, 2017 WL 684440, at *16 (D. Conn. Feb. 21, 2017) ("In the Second Circuit, 'garden variety emotional distress claims generally merit $30,000 to $125,000 awards.").  Thus, while plaintiff's claimed damages are not calculable with precision at this juncture, it is readily apparent that should plaintiff prove to be the prevailing party as to any of her claims she will be eligible to recover damages exceeding $75,000.00.

12. Defendant has filed a timely appearance in the state court action.

13. Defendant has not filed a responsive pleading in state court and no other proceedings have transpired in that action.

14. Pursuant to 28 U.S.C. § 1446, copies of this Notice of Removal have been served on all adverse parties and upon the Clerk of the state court.

15. By removing this matter, defendant does not waive or intend to waive any available defenses.

**WHEREFORE,** defendant respectfully requests that this Honorable Court take jurisdiction of this action and issue all necessary orders and process to remove said action from the Superior Court of Connecticut, Judicial District of New London, to the United States District Court for the District of Connecticut.

Respectfully submitted,

DEFENDANT,
WAL-MART STORES EAST, LP.

By: */s/ Lawrence Peikes*
      Lawrence Peikes (ct07913)
      lpeikes@wiggin.com
      Nicole M. Dwyer (ct30978)
      ndwyer@wiggin.com
      WIGGIN AND DANA LLP
      Its Attorneys
      Two Stamford Plaza
      281 Tresser Boulevard
      Stamford, Connecticut 06901
      (203) 363-7600

## CERTIFICATE OF SERVICE

This is to certify that on the 23rd day of February 2023, a copy of the foregoing Notice of Removal was served electronically on the following:

Samuel M. Nassetta, Esq.
Suisman, Shapiro, Wool, Brennan, Gray & Greenberg, P.C.
75 State Street
New London, CT
SNassetta@sswbgg.com
*Attorneys for Plaintiff*

                                                  */s/ Nicole M. Dwyer*
                                                  Nicole M. Dwyer

24860\42\4856-4421-3330.v1